UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALAN D. KNOWLTON,<br><br>        Plaintiff,<br><br>        v.<br><br>JUDITH SHAW, ET AL,<br><br>        Defendants. | CASE No. 1:09-cv-00334 |

_____

PLAINTIFF'S RESPONSE TO MOTION TO QUASH
_____

      This matter is before the Court on the Defendant Bankers Life's Motion to Quash a Notice of Deposition under Rule 30(b)(2) with an accompanying duces tecum request. The Notice of Deposition was served on January 7, 2010, the Defendant Bankers Life objected on January 22, 2010 and the Court ordered an expedited response from Plaintiff by January 26, 2010. The Notice seeks the deposition of Scott Perry, an Executive, at Bankers Life who the Plaintiff believes has personal knowledge of facts which are essential to Plaintiff's claim.

      The Plaintiff's complaint is, in large part, premised on his claim that he had a property interest in his continued employment with Bankers Life. The Plaintiff contends that when Bankers Life and the State of Maine entered into a consent agreement which mandated his removal as the Branch Manager of the Bankers Life Bangor Office that they deprived him of a property interest without due process of law. Bankers Life has filed a Motion to Dismiss claiming that Plaintiff was an "at will" employee and did not have a continued expectation of

1

employment such as would give rise to a property interest. The State has followed suit filing a Motion to Dismiss arguing that without a protected property interest, Mr. Knowlton has no claim.

In arguing that Mr. Knowlton was an "at will" employee Banker's Life has produced two employment contracts. Both employment contracts contain clauses incorporating the practices, policies, and procedures of the Corporation into the employment contract. Mr. Knowlton has obtained an affidavit from a past Executive of Bankers Life who has testified that it was the practice of Bankers Life to continue to employ Branch Managers until retirement unless they failed to make their performance numbers or engaged in malfeasance. Mr. Knowlton has sought to depose Mr. Perry, a current Executive of Bankers Life, to obtain information on the elements of those practices, policies, and procedures. As part of that deposition, the Plaintiff has requested, in accord with the provisions of Rule 30(b)(2) that Mr. Perry produce certain documents that will facilitate that discovery of information. That request for documents was submitted on the form for a Subpoena duces tecum.

Bankers Life is a party to the litigation and as such an Executive of Bankers Life must be considered a party deponent. Under F.R.Civ.P., Rule 30(b)(2); "If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in the attachment. *The Notice to a party deponent may be accompanied by a request complying with Rule 34 to produce documents and tangible things."* Here the Notice to a Party deponent, an Executive of Bankers Life, requested that he produce certain documents and tangible things at his deposition scheduled for February 8, 2010. F.R. Civ.P. Rule 34 requires a 30 day notice for production of documents and tangible things and there is no doubt that the Plaintiff met those deadlines.

Instead, elevating form over substance, Bankers Life claims that by using the Subpoena duces tecum format, the Plaintiff is barred from obtaining the requested documents to which he is entitled, because he has not complied with payment of fees and service rules of a Subpoena. That elevation of form is in direct contravention to the purpose of the Rules. Deposition and discovery rules are to be accorded broad and liberal treatment to all for a party to gain knowledge of all relevant facts. Herbert v. Lando, 441 US 153, 99 S.Ct. 1635, 60 L. Ed.2d 115 (1979); Connecticut Indemnity v. Carrier Haulers, 197 FRD 564 (WD NC 2000). The fact of the matter is that Bankers Life is a party to the litigation. Under Rule 30, as a party its attendance at a deposition is accomplished simply by Notice of the Deposition. If the Notice requests additional documents it must list them within the 30 days required by Rule 34 to allow compliance. Bankers Life has received Notice of the Deposition and requested documents and should be required to produce them.

Bankers Life then argues that it should be able to sequence discovery and wait until the Court rules on its Motion to Dismiss before it is required to attend the deposition. In a Court where the timelines are as quick as this Court, allowing sequencing of discovery would put Plaintiff's at a decided disadvantage. In United States v. County of Nassau, 188 FRD 187 (ED NY 1999) the Court held that the mere filing of a dispositive motion, even in that case one which challenged the Court's jurisdiction, did not constitute good cause for issuing a protective order delaying discovery. Similarly, Bankers Life's Motion to Dismiss is not good cause for delaying discovery in this matter.

The Defendant argues finally that the time for compliance with the document request is "unreasonable." Bankers Life had 30 days to comply with the production of the documentary request attendant to the Notice of Deposition and that is as the rules require.

For all the foregoing reasons, the Plaintiff respectfully requests the Court deny Bankers Life Motion to Quash.

                                                              Respectfully submitted
                                                              Alan Knowlton
                                                              By his Attorneys

Dated: 26 January 2010                            */s/ Eric M. Mehnert*___
                                                             Eric M. Mehnert, Esq.
                                                              Bar #3724
                                                              Hawkes & Mehnert
                                                              Six State Street, Suite 600
                                                             Bangor, Maine 04401

Dated: 26 January 2010                            */s/ Joseph M. Baldacci*___
                                                             Joseph Baldacci, Esq.
                                                              Bar # 7292
                                                              Law Offices of Joseph Baldacci
                                                              6 State Street
                                                              Bangor, Maine 04401

CERTIFICATE OF SERVICE

       I hereby certify that, on January 26, 2010, I have electronically filed the foregoing document with the Clerk of Court via the ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Martin Ridge<br>Beagle & Ridge, LLC<br>P.O. Box 7044<br>Portland, Maine 0411 | *Attorney for Judith Shaw* |
| Edward R. Benjamin, Jr.<br>Thompson & Bowie, LLP<br>Three Canal Plaza<br>P.O. Box 4630<br>Portland, Maine 04112 | *Attorney for Andrew Black* |
| Peter J. DeTroy, III<br>Norman Hanson & DeTroy<br>415 Congress Street<br>P.O. Box 4600<br>Portland, Maine 04112 | *Attorney for Glenn Griswold* |
| Brent Singer<br>Rudman & Winchell<br>The Graham Building<br>84 Harlow Street<br>P.O. Box 1401<br>Bangor, Maine 04402 | *Attorney for Defendants*<br>*Bankers Life and Casualty Company*<br>*Michael Buckley*<br>*Bruce Jordan*<br>*James Valdez* |
| Paul P. Bolus<br>Gary Howard<br>Jason Walters<br>Darrell C. Tucker, II<br>Bradley Arant Boult Cummings LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203-2104 | |